UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

GEORGE B. ERONINI,

        Petitioner,

-against-

UNITED STATES,

        Respondent.
———————————————————————X

MEMORANDUM
AND ORDER
11-CV-5358 (ENV)

VITALIANO, United States District Judge:

Petitioner George B. Eronini brings this *pro se* petition for a writ of error *coram nobis* seeking to vacate his 1991 conviction pursuant to the All Writs Act, 28 U.S.C. § 1651. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

On March 15, 1991, petitioner was convicted in this court of one count of possession of a controlled substance and one count of possession with intent to distribute a controlled substance. See United States v. Eronini, No. 90-CR-844 (ERK), Pet. at 1. On September 22, 1992, petitioner was resentenced to time served and was placed on supervised release for a period of four years. See No. 90-CR-844, Docket Entry 6. Petitioner now seeks a "writ of error *coram nobis* to set aside and vacate his 1991 conviction . . . due to Ineffective Assistance of Counsel pursuant to the Sixth Amendment of the Constitution of the United States . . . ." Pet. at 1.[1]

---

[1] The Court notes that petitioner has previously filed other actions in this district. On January 6, 2001, petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, which was dismissed without prejudice on December 20, 2002 for failure to exhaust administrative remedies. See Eronini v. Reno, No. 01-CV-115 (ERK). On July 9, 2003, petitioner filed another habeas corpus petition pursuant to 28 U.S.C. § 2241. Judge Korman issued a

1

## DISCUSSION

A district court's authority to issue a writ of error *coram nobis* arises under the All Writs Act, 28 U.S.C. § 1651. See Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (*per curiam*). Viewed as "essentially a remedy of last resort," Fleming, 146 F.3d at 89, "*coram nobis* is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid. Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996); see also United States v. Mayer, 235 U.S. 55, 69 (1914). Thus, *coram nobis* is an "extraordinary remedy" that is only granted "under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954).

In reviewing a petition for *coram nobis* relief, a court must presume that the underlying proceedings were correct and the burden of proving the contrary rests with the petitioner. United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000). To obtain *coram nobis* relief, a petitioner "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist [ ] for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Foont v. United States, 93 F.3d 76, 79 (2d Cir.1996) (internal citations omitted). A petition must satisfy all three elements to survive dismissal. Fleming, 146 F.3d at 90.

Here, petitioner's allegations do not carry this burden. Although "pending immigration

---

decision in that action on August 20, 2004, in which he vacated a June 27, 2003 decision by the Board of Immigration Appeals, vacated an immigration judge's final order of deportation, dated January 22, 1999 and remanded petitioner's case to the Board of Immigration Appeals for the limited purpose of permitting consideration of petitioner's application for protection pursuant to Article 3 of the United Nations Convention Against Torture. See Eronini v. Ashcroft, No. 03-CV-3365 (ERK). On July 11, 2008, petitioner filed a Petition for Writ of Mandamus, which was dismissed without prejudice on February 2, 2009 pursuant to Rule 41 of the Federal Rules of Civil Procedure. See Eronini v. U.S. Citizenship & Imm. Serv., No. 08-CV-2850 (RJD).

proceedings satisfies the third requirement of a continuing legal consequence," Tairu v. United States, 09-CV-225 (ARR), 2010 WL 2730646, at *3 (E.D.N.Y. July 8, 2010), petitioner does not allege that he is presently involved in pending immigration proceedings as he did in his prior habeas filings. In addition, petitioner files the instant petition 20 years after his conviction. Even though the Second Circuit has recognized that, "because a petition for writ of error *coram nobis* is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations," Foont, 93 F.3d at 79, the Circuit also stressed that "*coram nobis* relief may be barred by the passage of time." Id. Thus, the Court must consider whether petitioner had "justifiable reasons" for the delay. Id. at 80. Eronini fails to offer any justifiable reasons for why he waited 20 years to raise his claim of ineffective assistance of trial counsel. Finally, the Court finds petitioner's claim of ineffective assistance of counsel on the scant facts alleged to be without merit. Polanco v. United States, No. 00-CV-190, 2005 WL 1229255, at *2 (E.D.N.Y. May 23, 2005) (petitioner's "barebones assertion" does not meet the standard for ineffective assistance of counsel). See also Strickland v. Washington, 466 U.S. 688 (1984).

## CONCLUSION

Accordingly, the petition for a writ of error *coram nobis* is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
December 2, 2011